# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**LARRY M. WYNN,**

    **Plaintiff,**

vs.                                               **Case No. 4:17cv182-RH/CAS**

**POSTAL SERVICE,**
**COURT CLERK, and**
**PRISON AUTHORITIES,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Pro se Plaintiff Larry M. Wynn initiated this case on April 19, 2017. Leave to proceed in forma pauperis was granted on April 20, 2017, ECF No. 6, and because Mr. Wynn was not required to submit an initial partial filing fee, his complaint, ECF No. 1, was reviewed. Mr. Wynn's assertions in the complaint concerning his prior litigation history did not appear to be correct. *See* ECF No. 1 at 12-13. Thus, he was provided an opportunity "to show good cause why this case should not be dismissed for failing to honestly disclose his prior cases." ECF No. 5 at 2. He was also required to file an amended complaint by May 19, 2017, in which he listed all of his

prior cases as required. Additionally, the Order informed Mr. Wynn of three reasons his complaint was insufficient as filed. First, he was instructed that a complaint for negligence is not actionable under 42 U.S.C. § 1983. *Id.* at 3-4. He was also advised that his First Amendment claim was insufficient because he had not demonstrated that he was impeded in filing a nonfrivolous action. *Id.* at 4-5. Furthermore, he was warned that he could not receive his requested relief of monetary damages because he did not suffer any physical injury. *Id.* at 5-6 (citing 42 U.S.C. § 1997e(e)).

Mr. Wynn filed objections to that Order. ECF No. 7. United States District Judge Robert L. Hinkle overruled his objections and extended the deadline for him to comply with the prior Order. ECF No. 8. Mr. Wynn did not comply by the May 26, 2017, deadline but, instead, filed a notice of appeal, ECF No. 9, and a motion requesting leave to proceed in forma pauperis on appeal. ECF No. 15.

Another Order was entered on July 25, 2017, advising Mr. Wynn that his in forma pauperis motion was insufficient and explaining that his appeal did not deprive this Court of jurisdiction. ECF No. 16. He was "provided one final opportunity to file the amended complaint as previously directed

or to submit a response to this Order which clearly and unambiguously" stated his "refusal to comply." *Id.*

Again, Mr. Wynn filed objections[1] to that Order. ECF No. 17. Judge Hinkle similarly overruled the objections. ECF No. 19. However, Judge Hinkle's Order was not entered until August 24, 2017, which was after the deadline set for Mr. Wynn to file the amended complaint or a notice of his refusal. *See* ECF No. 16. Therefore, another Order was entered on September 27, 2017, as a courtesy to Mr. Wynn. ECF No. 20. He was required to comply with the July 25th Order, ECF No. 16, on or before October 18, 2017. Specifically, Mr. Wynn was ordered to file the amended complaint as directed. ECF No. 20. He was also required to show good cause why this case should not be dismissed for failing to honestly disclose his prior cases in the initial complaint. *Id.* Mr. Wynn was warned that failure to comply would result in a recommendation to dismiss this case. ECF No. 20.

In response, Mr. Wynn has filed another objection to that Order. ECF No. 21. He contends that the court form asked questions only about

---

[1] Ironically, his objections were filed on the same day that the Eleventh Circuit dismissed his notice of appeal. ECF No. 18.

his prior civil litigation history. ECF No. 21. He states that he "has absolutely NO civil litigation history and his criminal case history is irrelevant in this proceeding." *Id.*

Those objections are frivolous and ignore the fact that Mr. Wynn, twice, filed objections to Orders requiring him to file an amended complaint which honestly disclosed his litigation history and which presented a viable claim in light of the three deficiencies pointed out in the initial Order. His objections, ECF Nos. 7 and 17, were overruled. ECF Nos. 8 and 19.

Additionally, his objection is incorrect. Mr. Wynn is currently housed at Tomoka Correctional Institution. ECF No. 21. He lists his Department of Corrections' inmate identification number as 304976. *Id.*

In June 2014, Mr. Wynn filed a document in the United States District Court for the Middle District of Florida, Jacksonville Division, stating that he was going to kill several inmates because he could not adapt and indicating he was in need of mental health treatment. ECF No. 1, case # 2:14cv346. That document was deemed to be a request for medical help, and the case was transferred to the Fort Myers Division, Middle District of Florida. ECF

No. 2, case # 2:14cv346.² At that time, Mr. Wynn was incarcerated at Charlotte Correctional Institution. It has been confirmed that the case was initiated by Larry M. Wynn, D.O.C. number 304976. After transfer, he was required to file an amended complaint and proof of indigency. ECF No. 6, case # 2:14cv346. When he did not comply, the case was dismissed without prejudice. ECF Nos. 9-10, case # 2:14cv346. Those civil cases should have been reported by Mr. Wynn, notwithstanding that they were dismissed because he did not comply with a court order.

Additionally, in 1999 Mr. Wynn filed a federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the Middle District of Florida. That case, number 3:99cv422-RWN, was dismissed because it was not filed within "the one year period of limitation set forth in" 28 U.S.C. § 2244(d)(1). ECF No. 13 of that case.

Contrary to Mr. Wynn's argument, ECF No. 21, the complaint form requires prisoners to list all other actions filed in federal court which either challenges a conviction or otherwise relates to the conditions of confinement. *See* ECF No. 1 at 13. A § 2254 habeas petition is a challenge to a conviction and the two prior cases concerning the need for

---

² The case was opened in the Jacksonville Division as case number 3:14cv722.

Case No. 4:17cv182-RH/CAS

mental health treatment relate to the conditions of his confinement. Those cases should have been reported. Mr. Wynn has refused to do so.

Moreover, he was required to file an amended complaint because the merits of his original complaint failed to state a claim. He is unwilling to comply with that requirement as well. Having had several opportunities to file the amended complaint, no further chances should be provided.

Mr. Wynn was warned that if he did not comply with the prior Orders, a recommendation of dismissal may be entered. Furthermore, he has not shown good cause for failing to disclose his prior lawsuits. See Redmon v. Lake Cty. Sheriff's Office, 414 F. App'x 221, 226 (11th Cir. 2011) (holding that "district court was entitled to conclude that Plaintiff had abused the judicial process when he failed to" show good cause for not disclosing all prior lawsuits filed); Young v. Sec'y Florida for Dep't of Corr., 380 F. App'x 939, 941 (11th Cir. 2010) (finding "district court did not abuse its discretion when it sanctioned Young for failing to disclose his prior cases."). This case should now be dismissed for abuse of the judicial process and for failing to state a claim on which relief may be granted.

It is respectfully **RECOMMENDED** that the complaint, ECF No. 1, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and because Plaintiff has abused the judicial process by failing to honestly disclose his prior litigation history. It is also **RECOMMENDED** that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on October 20, 2017.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES
**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**