**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

LARRY M. WYNN,

    Plaintiff,

v.                                                              CASE NO. 4:17cv182-RH/CAS

POSTAL SERVICE,
COURT CLERK, and
PRISON AUTHORITIES,

    Defendants.

_____/

## ORDER OF DISMISSAL

This case is before the court on the magistrate judge's report and recommendation, ECF No. 22, and the objections, ECF No. 24. I have reviewed de novo the issues raised by the objections.

The magistrate judge screened the plaintiff's complaint as required by the Prison Litigation Reform Act. The judge noted deficiencies in the substantive allegations, noted that the plaintiff had not fully disclosed his prior lawsuits, and directed the plaintiff to file an amended complaint. Now, more than six months later, after repeated extensions of time, the plaintiff still has not filed an amended

complaint. The plaintiff obstinately insists he should not be required to disclose his prior lawsuits. The plaintiff has made no effort to address the substantive deficiencies in the complaint.

A district court with a high volume of prisoner cases must manage them efficiently so that a prisoner who asserts a claim in good faith may obtain a fair and prompt adjudication of the claim. Part of the process is requiring disclosure of prior litigation. Another part of the process is noting substantive deficiencies in a claim and giving the prisoner a chance to correct them. Here the plaintiff has refused to comply with the court's orders. Thus, for example, he insists that he can stand on a complaint that demands $150,000 in compensatory damages without any allegation of physical injury.

Having been given more than six months to amend the complaint but having chosen not to do so, the plaintiff is not entitled to further extend the process.

IT IS ORDERED:

The report and recommendation is accepted and adopted as the court's opinion. The clerk must enter judgment stating, "The complaint is dismissed under 28 U.S.C. § 1915(e)(2)(B)." The clerk must close the file.

SO ORDERED on November 6, 2017.

                                        s/Robert L. Hinkle
                                        United States District Judge